UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN JOHNSON,

    Petitioner,

                                          Case No. 06-11280
                                          HON. AVERN COHN

v.

KENNETH ROMANOWSKI,

    Respondent.

_____/

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Nathan Johnson ("Petitioner"), filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights, raising seven claims detailed below. Respondent argues that Petitioner's claims are defaulted, lack merit, or not cognizable on habeas review. For the reasons that follow, the petition will be denied.

### II. Background

The material facts as gleaned from the record and the Michigan Court of Appeals' opinion follow. People v. Johnson, No. 244058 (Mich. Ct. App. May 18, 2004).

Petitioner's conviction arises out of a home invasion that occurred around 1:30a.m. on July 18, 2001 at the home of Jason Schaifer. Schaifer was awakened when two men came into his bedroom, demanded money, jewelry and a leather coat. When he did not submit, he was hit repeatedly in the head with a handgun. His watch

and wallet were stolen. Before they left, the two men restrained Schaifer and attempted to cover his eyes with duct tape, but it would not stick because Schaifer was bleeding. Schaifer had not seen the men before, but when they left, they said they would be back and they knew about his girlfriend Yolanda.

Petitioner and Alvin Sharp were arrested shortly after the invasion when police stopped their car because it matched the description of the car involved in the home invasion. Schaifer's wallet, watch and jacket were found in the car, along with two guns and a partial roll of duct tape. Petitioner and Sharp gave conflicting accounts about their whereabouts that evening. Petitioner testified that he knew Schaifer and had previously been to his home to buy marijuana and that they were shooting dice together earlier in the evening along with Sharp. Petitioner maintained that Shaifer got into an argument and pulled a gun.

Sharp, however, denied knowing Schaifer and testified that he and Petitioner were driving around that evening with a woman they had picked up. He testified that he was asleep in the back seat, but was awakened when Petitioner slammed the trunk and was looking for something under the front seat. He decided to drive, and shortly after that the police stopped them.

### III. Procedural History

On April 16, 2002, Petitioner was convicted in Wayne Circuit Court of felony firearm, first-degree home invasion, armed robbery, and felon in possession of a firearm. Petitioner was sentenced to five years for the felony firearm conviction, two to twenty years for the first-degree home invasion conviction, ten to thirty years for the

armed robbery conviction, and two and one-half to five years for the felon in possession of a firearm conviction.

Following his conviction and sentence, Petitioner appealed by right, raising his habeas claims in the Michigan Court of Appeals. The Court of Appeals affirmed in an unpublished per curiam opinion. People v. Johnson, No 244058 (Mich. Ct. App. May 18, 2004). The Michigan Supreme Court denied leave to appeal in a standard order. People v. Johnson, 471 Mich. 950 (Dec. 29, 2004).

On March 28, 2006, Petitioner filed the instant habeas petition, raising the following seven claims: (1) denial of due process due and a fair trial to unconstitutional in court identification at preliminary examination; (2) denial of due process and a fair trial due to trial court's abuse of discretion in denying motion for severance; (3) ineffective assistance of counsel; (4) prosecutorial misconduct; (5) denial of due process and a fair trial due to improper jury instructions on intent; (6) violation of the Michigan Constitution because the mandatory five years imprisonment for felony firearm is a determinate sentence; and (7) cumulative effect of multiple errors.

IV. Standard of Review

Under 28 U.S.C. § 2254(d), a petitioner is not entitled to relief in a federal habeas corpus proceeding unless the state court's adjudication of his due process claim resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

"Clearly established federal law" means "the holdings, as opposed to the dicta, of

3

[the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-13.

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Furthermore, a federal court may not issue a writ of habeas corpus under the "unreasonable application" clause of 28 U.S.C. § 2254(d) "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 365; see also Prince v. Vincent, 538 U.S. 634, 638-39 (2003). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was *objectively* unreasonable," as opposed to transforming the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was reasonable. Williams, 529 U.S. at 411.

Therefore, the threshold inquiry in this case is whether the Petitioner seeks to apply rules of law that were clearly established at the time of his conviction in the state court. See Id. at 412.

4

V.  Analysis

A.  Defaulted Claims - Claims 1, 4, and 5

In his first claim, Petitioner says that he was denied his constitutional rights because of an improper in-court identification at the preliminary examination.  His fourth claim alleges numerous acts of prosecutorial misconduct.  His fifth claim asserts that the trial court improperly instructed the jury on the issue of intent.  Respondent contends that all of these claims are procedurally defaulted because Petitioner failed to preserve these issues in the trial court by not objecting to any of the alleged errors.  Respondent notes that the Michigan Court of Appeals found that the issues were unpreserved, reviewed them for plain error, and concluded no error existed.

The fact that the Michigan Court of Appeals engaged in plain error review of Petitioner's claims does not constitute a waiver of the state procedural default.  See Seymour v. Walker, 224 F.3d 542, 557 (6th Cir. 2000).  Instead, this Court must view the Michigan Court of Appeals' review of Petitioner's claims for plain error as enforcement of the procedural default.  See Hinkle, 271 F.3d at 244.  Thus, these claims are defaulted.

Where, as here, a petitioner has procedurally defaulted in the state courts, a federal court on habeas review will only entertain the defaulted issue if the petitioner can show "cause" for the procedural default and "actual prejudice" as a result of the alleged federal violation.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner argues that his trial counsel was ineffective for failing to preserve the issues for review by objecting to the in-court identification, the prosecutorial misconduct, and the improper jury instruction.  Ineffective assistance, if established, may constitute

5

"cause" and "prejudice" to overcome the procedural default.  To establish ineffective assistance of counsel, Petitioner must show that the trial counsel's actions violated the test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  See Cathron v. Jones, 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002).  Under Strickland, Petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687.  "With regard to the performance prong of the inquiry, . . . judicial scrutiny of performance is highly deferential, and '[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's perspective at the time.'"  Combs v. Coyle, 205 F.3d 269, 278 (6th Cir. 2000).

Given that the cause and prejudice inquiry merges with an analysis of the merits of Petitioner's defaulted claims, it is more prudent to consider the merits of Petitioner's claims, as set forth below.  Strickler v. Greene, 527 U.S. 263, 282 (1999); Jamison v. Collins, 100 F. Supp. 2d 647, 676 (S.D. Ohio 2000).

1. Claim 1 - Improper In-Court Identification

Whether due process rights have been violated by a pretrial identification procedure is whether "the pretrial identification procedure is so 'impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."  Ledbetter v. Edwards, 35 F.3d 1062 (6th Cir. 1994) citing Thigpen v. Cory, 804 F2d 893, 895 (6th Cir. 1986).  "In assessing the validity of a pretrial identification, this court follows a two-step analysis.  The court first considers whether the procedure was unduly suggestive.  The defendant bears the burden of proving this

element. If the court does find that the procedure was unduly suggestive, it next evaluates the totality of the circumstances to determine whether the identification was nevertheless reliable." Id.

Here, Petitioner alleges that Schaifer's initial identification of him as "one of the Defendants sitting at the defense table in court" was impermissibly suggestive. The Michigan Court of Appeals rejected Petitioner's argument, explaining that the identification was not unduly suggestive and that Petitioner could not show prejudice resulting from the identification. The Court agrees. The fact that defendant was presented as one of the accused at the defense table, without more, does not establish a constitutionally defective identification. As such, trial counsel was not ineffective in failing to object to the identification. Petitioner has therefore not met his burden of proving that this pre-trial identification procedure arises to the level of "unduly" suggestive as required by Ledbetter. Because the substantive claim fails, Petitioner is unable to establish that counsel was ineffective in failing to object to the identification. Thus, Petitioner has not overcome his default.

2. Claim 4 - Prosecutorial Misconduct

Petitioner claims that the prosecutor committed misconduct in vouching for the credibility of a witness and in statements regarding Petitioner's alibi witness made during closing argument. Claims of prosecutorial misconduct are reviewed deferentially on habeas review. Millender v. Adams, 376 F.3d 520, 528 (6th Cir. 2004). To be cognizable, the prosecutor's misconduct "must have 'so infected the trial with unfairness as to make the resulting conviction a denial of due process." Bowling v. Parker, 344 F.3d 487, 512 (6th Cir. 2003), quoting, Darden v. Wainwright, 477 U.S. 168, 181 (1986)

(internal quotation marks omitted). "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" Pritchett v. Pitcher, 117 F.3d 959, 964 (6th Cir. 1997). In this regard, "the touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." Serra v. Michigan Department of Corrections, 4 F.3d 1348, 1355 (6th Cir. 1993) (quoting, Smith v. Phillips, 455 U.S. 209, 219 (1982)).

The Court must first determine whether the prosecutor's conduct was improper. If a statement was improper, four factors must be considered in determining whether the impropriety is so flagrant "as to render the entire trial fundamentally unfair:" (1) the likelihood that the remarks would mislead the jury or prejudice the accused; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally presented; and (4) whether other evidence against the defendant was substantial. Bowling v. Parker, 344 F.3d at 512. In considering these four factors, a federal court must bear in mind the heightened deference a habeas court must give under the AEDPA to a state court's evaluation of the petitioner's claim. Id. at 513, citing, Macias v. Makowski, 291 F.3d 447, 453-54 (6th Cir. 2002). The Court will address each of the issues giving rise to Petitioner's prosecutorial misconduct claim.

### a. Vouching for the Credibility of a Witness

Petitioner says that the prosecutor improperly vouched for the credibility of a witness by noting that Schaifer's testimony at the preliminary examination was given under oath. Witnesses are required to testify truthfully and under oath by both the Michigan and Federal Rules of Evidence. See Mich. R. Evid. 603 and Fed. R. Evid.

603. "Improper vouching occurs when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility." United States v. Francis, 170 F3d 546 (6th Cir. 1999).

The Michigan Court of Appeals rejected this claim, explained that the comment was not improper because the prosecutor did not suggest "some special knowledge or facts indicating the witness' truthfulness." Johnson, slip op. at 5. The Court agrees. Stating that prior testimony was given under oath does not indicate personal beliefs in a witness's veracity–instead it merely indicates the factual background surrounding the witness's testimony. Since there was no improper vouching for a witness, Petitioner has not shown trial counsel was ineffective assistance of counsel arises for failing to object to these statements. As such, he has not overcome his procedural default as to this claim of misconduct.

### b. Comment During Closing Arguments

Petitioner claims that the prosecutor's statement during closing arguments that Petitioner's alibi witness "didn't want to lie for you," as explaining why his alibi witnesses refused to testify, constitutes misconduct. The Michigan Court of Appeals found these remarks to be appropriate given that the facts concerning the witnesses failure to testify was admitted through Petitioner's own testimony. Johnson, slip op. at 4. The Court agrees. No claim for ineffective assistance of counsel lies for failure to make objections that would be futile. Harris v. United States, 204 F.3d 681 (6th Cir. 2000). Since there were no improprieties with regards to these statements, Petitioner has not established cause or prejudice to overcome his default of this claim of misconduct.

9

### 3. Claim 5 - Improper Jury Instruction

Petitioner claims that the trial court gave an improper instruction on the intent requirement for aiding and abetting. Rarely is habeas corpus relief justified by jury instructions which are erroneous under state law. Gilmore v. Taylor, 508 U.S. 333, 334 (1993); Gall v. Parker, 231 F.3d 265, 303 (6th Cir. 2000) ( "Principles of comity and finality ... command that a habeas court can not revisit a state court's interpretation of state law, and in particular, instruct that a habeas court accept the interpretation of state law by the highest state court on a petitioner's direct appeal"), overruled on other grounds by Bowling v. Parker, 344 F.3d 487, 501 n. 3 (6th Cir. 2003).

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned; rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. See Estelle v. McGuire, 502 U.S. 62, 72 (1991); Henderson v. Kibbe, 431 U.S. 145, 154 (1977). If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury has applied the instruction improperly. See Binder v. Stegall, 198 F.3d 177, 179 (6th Cir.1999). A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial court record.

The Michigan Court of Appeals rejected this claim, explaining:

> The record indicates that the trial court's instructions were derived from the standard jury instructions on aiding and abetting. These instruction are consistent with Carines, supra at 756-760 wherein the Court recognized that a defendant's knowledge of the principal's intent is sufficient to establish the intent element of aiding and abetting. The

> recognition in Carines is consistent with earlier case law in this state. People v. King, 210 Mich App 425, 430-31; 534 NW2d 534 (1995).

Johnson, slip op at p. 3. Because the instruction was in accordance with state law, trial counsel was not ineffective in failing to object to the instructions. As such, Petitioner has failed to overcome his default.

### B. Other Claims

#### 1. Claim 2 - Severance

In his second claim, Petitioner argues that the failure of the trial court to sever his trial from co-defendant Sharp resulted in constitutional violations. The case law on severance is clearly established federal law. Defendants are not entitled to severance merely because one might have a better chance of acquittal in a separate trial. Zafro v. United States, 506 U.S. 534, 539 (1993). Severance should be grated "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Id. Further, the fact that defendants maintain "mutually antagonistic defenses" is not prejudicial per se. Id. at 538. When there are multiple defendants, risk of prejudice can generally be cured by properly instructing the jury of the prosecutor's burdens against each defendant. Id. at 540. See also Richardson v. Marsh, 481 U.S. 200 (1987).

Petitioner contends that his trial rights regarding his ability to present defenses of "actual innocence" and "alibi" were prejudiced by having a joined trial because co-defendant's testimony implicated him. Petitioner contends that no jury could reasonably believe both his account of events and that of co-defendant Sharp.

11

The Michigan Court of Appeals rejected Petitioner's claim, noting that Michigan law is in accordance with federal law under <u>Zafro</u>, and explained that "mere testimony of a codefendant is insufficient to establish the requisite prejudice" requiring a severance. <u>Johnson</u>, slip op. at 5. The Court agrees. Further, Petitioner had a full and fair opportunity to cross examine co-defendant Sharp and neutralize harmful aspects of his testimony. The Michigan Court of Appeals conclusion is not contrary, indeed it is consistent, with clearly established federal law under <u>Zafro</u>. Habeas relief is therefore not warranted on this claim.

### 2. Claim 3 - Ineffective Assistance of Counsel

In addition to the allegations of ineffective assistance discussed above relative to Petitioner's defaulted claims, Petitioner alleges trial counsel was ineffective in other ways. Specifically, Petitioner says that (1) counsel failed to investigate and introduce expert testimony and (2) failed to request an alibi jury instruction. The <u>Strickland</u> test for ineffective assistance has been set forth above and need not be repeated. Each allegation is addressed in turn.

#### a. Failure to Retain an Expert

Petitioner claims that counsel was ineffective for failing to investigate and introduce expert testimony. Petitioner contends that an expert could have established evidence of Schaifer's fingerprints on the bags of marijuana, corroborating Petitioner's version of the events. The Michigan Court of Appeals, disagreed, stating:

> Decisions regarding what evidence to present and whether to call witnesses are presumed to be matters of trial strategy. People v. Rockey, 237 Mich App 74, 76; 601 NW2d 887 (1999). Defendant has failed to overcome this presumption. There is no indication in the record, nor has Johnson

12

> demonstrated by offer of proof, that an expert witness, had one been called, could have provided favorable testimony in this regard. Because defendant has not establish the factual predicate for his ineffective assistance of counsel claim, he "has not established a reasonable probability that but for counsel's alleged error the result of the proceedings would have been different."

Johnson, slip op. at p. 3.

The Court agrees with the Michigan Court of Appeal's analysis and conclusion, which is consistent with Strickland. Petitioner has not offered any evidence to show that an expert would have testified that the bag contained Schaifer's fingerprints. Moreover, even if Schaifer's fingerprints were on the bags of drugs, it would not logically rule out Petitioner's guilt. Petitioner's conjecture and speculation is not enough to meet the prejudice prong of Strickland. Further, no prejudice lies if defense counsel fails to call an expert to rebut the reliability of evidence that is supported by independent evidence. See e.g. Hamblin v. Mitchell, 354 F.3d 482, 493 (6th Cir, 2003). Here, independent evidence exists with respect to whether Schaifer's fingerprints would be on the bag–Shafer's own testimony that he had not bought or sold any drugs on the night in question. Petitioner is not entitled to habeas relief on this claim.

### b. Failure to Request an Alibi Instruction

Petitioner also says that counsel was ineffective for failing to request an alibi instruction on the issue of intent. The Michigan Court of Appeals rejected this claim, as follows:

> A trial court is required to give an alibi instruction upon request if a defendant provides his own alibi testimony, even if uncorroborated. People v. McGinnis, 402 Mich 343; 262 NW2d 669 (1978). Where a court properly instructs on the elements of the offense and the burden of proof, however, the absence of an alibi instruction does not have a reasonable probability of affecting the outcome of the trial. People v. Sabin (After Second Remand), 242 Mich App 656, 660; 620 NW2d 19 (2000). Here, Johnson does not challenge the

13

instructions concerning the burden of proof or the elements of the charged offenses. Accordingly, under the circumstances, Johnson has not demonstrated the requisite level of prejudice to prevail on his ineffective assistance of counsel claim. People v. Toma, 462 Mich 281, 302-303; 613 NW2d 694 (2000).

Johnson, slip op. at 3.

Here, the record reveals that the trial court properly instructed the jury that Petitioner could be found guilty only if the jurors found that he committed the crimes charged. The competing theories of guilt and innocence were put before the jury. The jury was well aware of Petitioner's alibi defense given his testimony at trial and defense counsel's arguments. The jury could not have accepted Petitioner's version of the events without acquitting him under the instructions given by the trial court, and this court must presume that the jury followed the state court's instructions. See Richardson v. Marsh, 481 U.S. 200, 206 (1987). Where, as here, the instructions as a whole adequately convey the defense theory of the case to the jury, a petitioner is not entitled to habeas relief based on the trial court's failure to give a specific instruction. See, e.g., Rodriguez v. Young, 906 F.2d 1153, 1166 (7th Cir. 1990). As such, trial counsel was not ineffective for failing to request an alibi instruction. The Michigan Court of Appeal's conclusion is reasonable and not contrary to federal law. Petitioner is not entitled to habeas relief on this ground.

### 3. Claim 6 - Violation of Michigan Constitution

Petitioner claims that the mandatory five-year sentence for felony firearm violates Michigan's constitutional provision regarding indeterminate sentences. Respondent correctly contends that this claim presents an issue of state law which is not cognizable on habeas review. It is well-established that "it is not the province of a federal habeas

court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62 (1991). The federal statute allowing for the writ of habeas corpus for state prisoners, 28 U.S.C. § 2254 requires that the petitioner be "held only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States." Only the Michigan courts can decide the issue that Petitioner has raised. Here, the Michigan Court of Appeals reviewed Petitioner's claim and found it without merit based on People v. Cooper, 263 Mich. App 643, 660-664; 601 NW2d 409 (1999). In Cooper, the court of appeals held that a two-year determinate sentence for a first time felony firearm conviction did not violate the state constitution. The court of appeals found that Cooper's holding "applies with equal force to Johnson's five-year sentence for a second conviction." Johnson, slip op. at 5. Petitioner simply cannot obtain habeas relief based on an issue of solely state law.

4.  Claim 7 - Cumulative Error

Plaintiff also claims that the cumulative effect of each of the alleged errors previously discussed warrants relief. "In order to obtain a new trial based upon cumulative error, a defendant must show that the combined effect of individually harmless errors was so prejudicial as to render his trial fundamentally unfair." United States v. Trujillo, 376 F.3d 593 (6th Cir. 2004), citing U.S. v. Parker, 997 F.2d 219, 221 (6th Cir. 1993). Because Petitioner is not entitled to relief on any of his habeas claims, he cannot prevail on his cumulative error claim.

V. Conclusion

For the reasons stated above, the petition is DENIED.  This case is DISMISSED.

SO ORDERED.

                                           s/Avern Cohn
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE

Dated:  February 21, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Nathan Johnson, 236242, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221 on this date, February 21, 2008, by electronic and/or ordinary mail.

                                           s/Julie Owens
                                           Case Manager, (313) 234-5160