UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NATHAN JOHNSON,

    Petitioner,

                                                                                 Case No. 06-11280
                                                                                HON. AVERN COHN

v.

KENNETH ROMANOWSKI,

    Respondent.

_____/

## **ORDER DENYING CERTIFICATE OF APPEALABILITY**

I.

This is a habeas case under 28 U.S.C. § 2254. Nathan Johnson ("Petitioner"), filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights, raising seven claims. Petitioner specifically claimed that (1) he was denied due process due and a fair trial to unconstitutional in court identification at preliminary examination; (2) he was denied due process and a fair trial due to trial court's abuse of discretion in denying motion for severance; (3) his counsel was ineffective; (4) the prosecutor engaged in misconduct; (5) he was denied due process and a fair trial due to improper jury instructions on intent; (6) the Michigan constitution was violated because the mandatory five years imprisonment for felony firearm is a determinate sentence; and (7) the cumulative effect of multiple errors warrants habeas relief. Respondent argued that the claims were defaulted, lacked merit, or not cognizable on habeas review.

The Court considered all of the claims and found that claims 1, 4, and 5 were procedurally defaulted and Petitioner failed to overcome his default because the claims themselves lacked merit. The Court further determined that the Michigan courts were not unreasonable in determining that Petitioner was not entitled to a severance (claim 2) and that his counsel was not ineffective (claim 3). The Court also found that Petitioner's claim 6 regarding the Michigan constitution was not cognizable on habeas review. Finally, the Court rejected Petitioner's cumulative error claim 7 having found no errors. See Memorandum and Order filed February 21, 2008. Petitioner seeks to appeal. See Notice of Appeal filed March 21, 2008.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Having carefully reviewed the record, the Court finds that for all the reasons stated in the February 21, 2008 order, reasonable jurists would not debate whether Petitioner's claims deserve to proceed further or whether the Court erred in denying habeas relief. Accordingly, a COA is DENIED.

SO ORDERED.

Dated: July 22, 2008          s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

3

06-11280   Johnson v. Romanowski

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was mailed to Nathan Johnson, 236242, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221  and  the attorneys of record on this date, July 22, 2008, by electronic and/or ordinary mail.

       s/Julie Owens
      Case Manager, (313) 234-5160